NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0304n.06

No. 25-5908

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 15, 2026
KELLY L. STEPHENS, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

KENDRICK BROWN,

    *Defendant-Appellant.*

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY

OPINION

Before: CLAY, GIBBONS, and BLOOMEKATZ, Circuit Judges.

**CLAY, Circuit Judge.** Defendant Kendrick Brown was sentenced to 33 months' imprisonment on bank fraud charges and twelve months' imprisonment for violating the terms of his supervised release relating to a previous conviction. The district court ordered the two sentences to be served consecutively. Defendant appealed, challenging the procedural and substantive reasonableness of his twelve-month supervised release revocation sentence. For the reasons explained below, we **AFFIRM** the district court.

## I. BACKGROUND

In October 2020, Kendrick Brown was convicted of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and sentenced to 40 months' imprisonment followed by three years of supervised release. In June 2022, Brown was released from federal prison and began his term of supervised release.

In June 2023, Brown's probation officer petitioned a district court in the Eastern District of Kentucky to revoke Brown's supervised release. By Brown's own admission, he had violated

the conditions of his supervised release in four ways: (1) failing to report out-of-district travel; (2) failing to attend mandatory counseling sessions; (3) failing to report a conversation with law enforcement to his probation officer; and (4) engaging in a conspiracy to commit bank fraud. Although the government was aware of the bank fraud allegations, the probation officer's petition cited only the first three technical violations as grounds to revoke Brown's supervised release. The district court found that Brown had violated his supervised release based on the three technical violations and sentenced him to eight additional months in prison. He was released in February 2024.

In May 2024, a federal grand jury in the Western District of Michigan charged Brown and his girlfriend with bank fraud and conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344, 1349. Brown's probation officer again petitioned for revocation of Brown's supervised release in the Eastern District of Kentucky, this time for committing bank fraud and for associating with an individual, Brown's girlfriend, who was also committing bank fraud. Per the request of the district court handling the bank fraud case, this second petition was transferred to the Western District of Kentucky so the court could dispose of the supervised release issue as part of the plea agreement in the bank fraud case.

The parties filed their first plea agreement on May 1, 2025, and on July 24, 2025, the district court held a plea hearing. That agreement stated (1) that Brown would receive a sentence of 33 months' imprisonment on the bank fraud charges, and (2) that the "United States will recommend that this sentence run concurrently to any time imposed in" the supervised release revocation case. *United States v. Brown*, 3:24-CR-57-CHB-CHL (W.D. Ky.), First Plea, R.56, PageID #204. The district court determined that the "plea . . . [did] not bind the Court on a concurrent sentence" for the supervised release violation because it merely stated that the

government would "recommend" a concurrent sentence. Hearing Tr., R.26, PageID #171. The court then stated that it was inclined to "sentence [Brown] to twelve months and one day" to "run consecutively" to the bank fraud sentence. *Id.* at PageID #176. Brown expressed that he had assumed that the concurrent sentence language would be binding on the court, and Brown then decided to withdraw his plea so that the parties could negotiate a new agreement.

On September 25, 2025, the district court held a hearing on the revised second plea agreement proposed by the parties. The second plea stated that the parties agreed (1) that Brown would receive a sentence of 33 months' imprisonment on the bank fraud charges, and (2) that "a sentence of no more than twelve months imprisonment [was] the appropriate disposition of" the revocation case. *United States v. Brown*, 3:24-CR-57-CHB-CHL (W.D. Ky.), Second Plea Agreement, R.88, PageID #425. The district court accepted the plea agreement. On the fraud case, the district court sentenced Brown to 33 months in prison, consistent with the plea agreement.

The court then proceeded to sentencing in the revocation case. Brown stipulated that by committing the fraud offenses, he had violated the terms of his supervised release. Nonetheless, Brown objected to being subjected to a second revocation proceeding on the bank fraud charges when the government could have raised the bank fraud at the original 2023 revocation proceeding. He argued that "it was essentially unfair for . . . the [g]overnment not to proceed and deal with [the bank fraud] issue at" the time of the prior revocation proceeding and that "it was further unfair that he would . . . have a revocation proceeding regarding a second violation of supervised release based on actions that took place during the time of his first revocation." Hearing Tr., R.23, PageID #72-73. The district court was unmoved by Brown's objection, noting that "this isn't a situation where Mr. Brown is being punished twice for the same conduct." *Id.* at PageID #75.

After additional arguments from the parties, the district court noted that it had considered the relevant 18 U.S.C. § 3553(a) sentencing factors, mitigating factors, and counsel's arguments, before sentencing Brown to twelve months in prison for his supervised release violation, to be served consecutively to the bank fraud sentence. The district court further clarified that, with the revocation sentence, it was "not punishing [Brown] for the fraud case" or "for technical violations on the [2023] revocation case," but was instead "punishing [him] for and revoking [his] sentence because [he] committed another felony offense while [he was] on supervised release." *Id.* at PageID #134-35.

Brown now appeals the reasonableness of his twelve-month consecutive sentence on the supervised release violation.

## II. DISCUSSION

### A. Standard of Review

We review sentences for violating supervised release "under a deferential abuse of discretion standard for reasonableness." *United States v. Bolds*, 511 F.3d 568, 575 (6th Cir. 2007) (citation and internal quotation marks omitted). "[W]e review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019).

### B. Analysis

#### 1. Procedural Reasonableness

Defendant first challenges the procedural reasonableness of the district court's consecutive sentencing determination. A sentence is procedurally unreasonable if it is marked by "significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). Examples of procedural error include erroneously calculating the sentencing Guidelines range, "treating the Guidelines as

mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.*

Defendant's primary argument appears to be that the revocation sentence is procedurally unreasonable because it was unfair to give him a consecutive sentence based on the bank fraud charges when the government knew about, but did not raise, the bank fraud at his original 2023 revocation proceeding. According to the Defendant, it would have been more fair to run his revocation sentence concurrently, ostensibly to account for the fact that he had already served eight months for his 2023 supervised release violations. Defendant is correct that the government knew about the bank fraud allegations at the time of the 2023 revocation hearing: at the July 2025 sentencing hearing, the government acknowledged that it knew about Defendant's fraud crime in 2023 and asserted that it would be unfair to penalize Defendant for "something that he did before" his supervised release "was revoked the first time." Hearing Tr., R.26, PageID #183. The government explicitly stated that "Mr. Brown should get credited with the eight months that he's already served in being revoked the first time." *Id.*

However, Defendant's belief that the sentence was unfair is not enough to find that it was procedurally unreasonable. Defendant cites no cases indicating that the district court erred in sentencing him to additional time in prison for the bank fraud-related supervised release violation when the government knew about the bank fraud at the 2023 hearing. To the contrary, our caselaw indicates that the court's actions were appropriate. In *United States v. Cross*, we held that a district court committed no error in revoking a defendant's "supervised release a second time based on conduct occurring before the first revocation." 846 F.3d 188, 189 (6th Cir. 2017). Cross was serving a term of supervised release when he committed drug possession and theft offenses. *Id.* The district court learned about the drug possession in 2013 and revoked Cross's supervised

release, ordering him to serve eight months in prison, followed by another 24 months of supervised release. *Id.* The district court then learned about the theft charge in 2015, after Cross pled guilty to the charge in state court, held another revocation hearing, and sentenced Cross to a single day of incarceration and 60 months of supervised release. *Id.* at 189-90. We held that "[t]he district court . . . had authority . . . to revoke Cross's supervised release a second time based upon its discovery that Cross had committed a second violation." *Id.* at 190.

*Cross* is not squarely on point: the issue there was whether the district court had jurisdiction to revoke supervised release a second time, not the procedural reasonableness of the revocation sentence, and the *Cross* Court did not analyze whether the government knew about the theft violation at the time of the first revocation hearing (although it stands to reason that it did know, or at least should have known about, about the state law charge). But the basic upshot of *Cross* is relevant: a district court may impose a second supervised release sentence based on conduct that occurred prior to the first revocation hearing if the district court was not aware of that conduct at the time of the first hearing. Here, there is no indication that the Eastern District of Kentucky district court in the 2023 revocation hearing knew about the bank fraud allegations, and the Western District court in the instant proceeding certainly did not. Accordingly, there was nothing inappropriate about the district court's decision to revoke Defendant's supervised release at the 2025 hearing based on conduct that occurred before the 2023 hearing.

Defendant also argues that the twelve-month revocation sentence was procedurally unreasonable because the district court erroneously concluded that the government did not raise the bank fraud at the 2023 hearing due to the fact the investigation was not far enough long at that time to merit a revocation petition. According to Defendant, this conclusion was improperly speculative because "there is nothing in the record to show that, by the time [Brown's] release was

revoked in August 2023, the fraud investigation was incomplete," meaning that the government could and should have raised the fraud at the first revocation hearing. Appellant Br. at 6. There are several problems with this argument. First, even assuming that the government did have all the relevant information to allow it to bring a revocation petition based on the fraud allegations, Defendant points to no caselaw indicating that the revocation sentence was unreasonable. Second, the record in this case does indicate that the government did not have all of the relevant facts relating to the bank fraud allegation at the 2023 revocation hearing. The government told the district court that, in 2023, "[t]he FBI just didn't have" all of the evidence relating to the bank fraud and that it "took a long time and many grand jury subpoenas to gather all of the records necessary to be able to prove it beyond a reasonable doubt." Hearing Tr., R.26, PageID #183.[1] Based on this information, it was permissible for the district court to make the "reasonable inference[]" that the government did not seek revocation based on the fraud violation in 2023 because it did not have enough information to do so. *Parrish*, 915 F.3d at 1048 (the sentencing court "was free to make reasonable inferences from facts in the record"). Accordingly, there was nothing procedurally unreasonable about the district court concluding that the government could not have sought revocation based on the bank fraud allegation in 2023.

In short, we find no error with the district court's decision to sentence Defendant to twelve months' imprisonment for his supervised release violation, to be served consecutively to his bank fraud sentence. The district court generally has "discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings." *See Setser v. United States*, 566 U.S. 231, 236

---

[1] Indeed, the bank fraud indictment ultimately included one event that occurred after Defendant's 2023 revocation hearing. *See United States v. Brown*, 3:24-CR-57-CHB-CHL (W.D. Ky.), Indictment, R.1, PageID #11.

(2012). And for all of the reasons described above, Defendant identifies no procedural infirmities with the district court's determination that Defendant merited a consecutive sentence. Accordingly, we conclude that the district court's sentence was not procedurally unreasonable.

## 2. Substantive Reasonableness

Defendant also challenges the substantive reasonableness of his revocation sentence. Sentences are substantively unreasonable when "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). "In essence, a 'sentence is substantively unreasonable if it is too long.'" *United States v. Gates*, 48 F.4th 463, 477 (6th Cir. 2022) (quoting *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020)).

Defendant's primary substantive reasonableness argument is that the district court made its mind up that it would sentence him to the twelve-month consecutive sentence before hearing all of the parties' arguments and weighing all of the factors.[2] He takes issue with two statements the district court made at the first sentencing hearing: (1) "I'm not going to run [the revocation sentence] concurrently because of the multiple federal supervised release violations"; and (2) "I would likely sentence him to twelve months and one day[, and] it would be run consecutively, not concurrently." Hearing Tr., R.26, PageID #174, 176. Defendant insists that

---

[2] Some of our cases have construed these "early decision" arguments as going to substantive reasonableness, and others as going to procedural reasonableness. *Compare United States v. Glass*, 749 F.App'x 434, 440-41 (6th Cir. 2018) (substantive reasonableness) *with United States v. Epps*, 655 F.App'x 444, 448-49 (6th Cir. 2016) (procedural reasonableness); *see also United States v. Barton*, 174 F.4th 1007, 1014-15 (6th Cir. 2026) ("[A] district court's sentence-in-advance method straddles the often-hazy line between these two aspects of reasonableness."). If we construed this as a procedural reasonableness argument, we would apply plain error review, because Defendant did not raise this issue before the district court. *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004). Analyzing this as a substantive reasonableness argument, we apply abuse of discretion review. Without deciding whether this type of argument is more appropriately characterized as procedural or substantive reasonableness, we will analyze Defendants' argument under substantive reasonableness.

these statements indicate that the court made a premature sentencing decision, but that position misstates the record. The district court made both of these statements while discussing why it would not accept the terms of the first plea agreement proposed by the parties (which asked for the revocation sentence to run concurrently). In that context, the district court's statements were entirely appropriate—indeed, the district court was required "to articulate a sound reason for rejecting [the] plea." *United States v. Moore*, 916 F.2d 1131, 1136 (6th Cir. 1990).

In the same discussion about the plea rejection, the district court was careful to clarify that it had not made up its mind about sentencing, stating: "I don't like to say, 'This is the sentence I was going to impose on the supervised release,' because I haven't heard all those arguments yet," and "I can tell you in the ballpark of what I was thinking about imposing, and, again, I haven't heard all of the arguments. So . . . when I come into a sentencing, my mind is always open to being persuaded." Hearing Tr., R.26, PageID #175-76. In short, the court made no premature sentencing determination, and to the extent the court expressed its *likely* approach to sentencing, that was permissible. *See United States v. Covington*, 65 F.4th 726, 731 (4th Cir. 2023) ("[A] judge may stop short of formal imposition and discuss an intended sentence at any point in the proceeding").

Defendant also argues that the district court inappropriately focused on only one sentencing factor, "retribution . . . for breaching the court's trust," in imposing the twelve-month supervised release revocation sentence. Appellant Br. at 9. "When deciding whether to revoke a term of supervised release, the court must consider . . . the factors set forth in [18 U.S.C. §§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *United States v. Hoyle*, 148 F.4th 396, 406 (6th Cir. 2025) (internal quotation marks and citation omitted). Defendant correctly points out that the district court may not, in deciding whether to revoke supervised release, consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for

the law, and to provide just punishment for the offense"—this is also referred to as the "retribution" factor under § 3553(a)(2)(A). 18 U.S.C. § 3553(a)(2)(A); *Esteras v. United States*, 606 U.S. 185, 195 (2025); *Hoyle*, 148 F.4th at 406. But contrary to Defendants' assertion, the district court did not actually consider the retribution factor in its sentencing decision. In fact, the court specifically mentioned the Supreme Court's decision in *Esteras*, which held that the district court could not consider § 3553(a)(2)(A) at revocation sentencing. *See* Hearing Tr., R. 23, PageID #132. The court did consider the fact that Defendant breached the court's trust in violating the terms of his supervised release, but that was entirely appropriate. *See Esteras*, 606 U.S. at 194 n.5 (confirming that in a revocation proceeding, the court may sanction the defendant's breach of trust).

The court also considered the other relevant § 3553 factors. *See* Hearing Tr., R.23, PageID #132 ("[T]he Court has considered the relevant 3553(a) factors and the nature and circumstances, the history and characteristics, the need for the deterrence, and the other relevant factors. I have considered all of those."). It also walked through the "mitigation factors," stating that these "counsel[ed] [the court] to accept the . . . plea agreement that provides . . . a 50 percent variance from his guidelines range" of 24 months, including his "mental health issues and addiction." Hearing Tr., R.23, PageID #132. Still, the court determined that, because "there [had] been multiple violations of supervised release" and a "breach of the [c]ourt's trust," it would run the twelve-month sentence consecutively. Hearing Tr., R.26, PageID #176.

Accordingly, we hold that Defendant's sentence was substantively reasonable.

### III.  CONCLUSION

For the reasons set forth above, we **AFFIRM** the district court.